IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OSCAR DARGAN, :
: Civil Action No. 4:09-CV-01031
Petitioner, :
:
v. : (Judge McClure)
:
WARDEN, SCI-MERCER, et al, :
:
Respondents. :

## MEMORANDUM

September 28, 2009

**BACKGROUND:**

On June 1, 2009, Oscar Dargan, an inmate at the State Correctional Institution at Mercer ("SCI Mercer"), an institution located in the Middle District of Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents are the Lackawanna County Court of Common Pleas, the Pennsylvania State Attorney General, and the Warden at SCI Mercer. In his petition, Dargan claims that the trial court violated his Sixth Amendment right to confrontation.

On July 7, 2009, respondents filed an answer (Rec. Doc. No. 9) and a brief in support thereof (Rec. Doc. No. 10).[1] In their answer and accompanying brief,

---

[1] Respondents are directed to Middle District Local Rule 5.1(c) and are advised to use 14 point font in future filings.

respondents assert that Dargan's petition should be dismissed with prejudice because he has failed to exhaust state remedies.

Now, for the following reasons, we will direct respondents to re-file a responsive brief to Dargan's petition for writ of habeas corpus.

**DISCUSSION:**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires state prisoners who have filed a § 2254 habeas petition to exhaust available state court remedies with respect to every claim raised in the federal petition. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Id. The exhaustion doctrine does not require prisoners to file repetitive petitions. Id. at 844 (internal citations omitted). The exhaustion doctrine has not required prisoners to raise the same issues when petitioning for

collateral relief that have already been decided by direct review. Id.; see also Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984) (noting the well-settled rule "that a claim raised in state court at trial and on direct appeal satisfies the exhaustion requirement . . .").

The United States Supreme Court has noted that a prisoner must seek review in a state court of last resort when that court has discretionary control over its docket. O'Sullivan, 526 U.S. at 845. However, the Pennsylvania Supreme Court has issued an Order that an individual convicted of a crime in Pennsylvania need not lodge a discretionary appeal to that court in order to exhaust direct appeal rights; appeal to the Superior Court will suffice. In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000); see Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004) (holding "that No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c)").

In his petition for writ of habeas corpus, Dargan claims that the trial court improperly admitted hearsay testimony in violation of his Sixth Amendment right to confrontation. More specifically, Dargan claims that the admission of Detective Robert Mazzoni's testimony, which concerned information provided to the

3

detective by a confidential informant, violated his right "to confront his Accusers." (Rec. Doc. No. 1 at 5).

Respondents assert that Dargan's petition should be dismissed because Dargan has failed to exhaust state remedies on his Sixth Amendment right to confrontation claim. As support for this assertion, respondents state that the Superior Court refrained from deciding whether Dargan's Sixth Amendment rights had been violated in light of the recent United States Supreme Court decision in Crawford v. Washington, 541 U.S. 36 (2004). In effect, respondents argue that, because the Superior Court avoided answering this question, the Superior Court did not decide on the merits Dargan's claim that his Sixth Amendment right to confrontation was violated. (Rec. Doc. No. 10 at 5). Because the Superior Court did not rule on Dargan's claim on the merits, so respondents' argument goes, Dargan has failed to exhaust his state remedies and his current petition for writ of habeas corpus should be dismissed.

Respondents' argument that Dargan has not exhausted his state remedies on direct appeal must fail. As we have noted above, before filing a petition for habeas corpus, a state prisoner need only "give the state courts an opportunity to act on his claims." O'Sullivan, 526 U.S. at 842. In other words, a state remedy will still be "exhausted as long as the state court had the opportunity to address it." Nara v.

Frank, 488 F.3d 187, 198 (3d Cir. 2007) (citing Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989)).  Dargan has alleged that he raised the issue of the violation of his Sixth Amendment right to confrontation on appeal to the Superior Court.  (Rec. Doc. No. 1 at 2).  In addition, respondents have admitted this allegation as true in their answer.  (See Rec. Doc. No. 9 at 2).  It would appear, then, that the Superior Court had an opportunity to address Dargan's claims and, therefore, that Dargan sufficiently exhausted his state remedies.

In addition, the Superior Court actually appears to have addressed Dargan's claims on the merits, contrary to respondents' claims that the Superior Court attempted to avoid ruling on "whether the rules announced in Crawford . . . had been violated."  (Rec. Doc. No. 10 at 4).  Indeed, the Superior Court found no error in the admission of the testimony not because it avoided ruling on whether the Crawford rules had been violated.  Instead, the court found no error in the admission of the testimony after considering whether the Crawford rules were violated and then determining that they had, in fact, not been.

Much of the respondents' brief is concerned with whether or how Dargan might have exhausted his claims through state court Post-Conviction Relief Act ("PCRA") proceedings.  However, again as we noted above, Dargan need not have exhausted his state remedies in collateral post-conviction proceedings if he has

sufficiently exhausted his remedies on direct appeal.  See Swanger, 750 F.2d at 295.

The respondents have admitted the allegations in paragraphs 9(g) and 9(h) of the complaint, in which Dargan described his appeal of the decision of the Court of Common Pleas of Lackawanna County.  In light of this admission and the law concerning state exhaustion of remedies in the context of § 2254 habeas petitions, it is improper for the respondents to claim that Dargan's petition should be dismissed for failure to exhaust state remedies.  As such we will require respondents to re-file a brief with this Court.

> s/James F.  McClure, Jr.
> James F. McClure, Jr.
> United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSCAR DARGAN, | : | |
| | : | Civil Action No. 4:09-CV-01031 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| WARDEN, SCI-MERCER, et al, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

September 28, 2009

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Respondents are directed to re-file a brief in support of their answer to Dargan's petition for writ of habeas corpus, on or before October 28, 2009.

2. Petitioner is entitled to file a brief in response to the respondents' new brief within twenty (20) days after service of the same.

<pre>                          s/James F.  McClure, Jr.
                          James F. McClure, Jr.
                          United States District Judge</pre>